UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARLENE FELTUS-JACKSON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-8801** |
| | * | |
| **STATE FARM FIRE & CASUALTY** | * | |
| **COMPANY AND CLEAR SKIES** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is Plaintiff Marlene Feltus-Jackson's Motion to Remand (Rec. Doc. No. 4). For the following reasons, the motion is DENIED.

### I.      BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's property located at 2514 New Orleans Street in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire & Casualty Company ("State Farm"), the Plaintiff's insurance carrier, and Clear Skies, a contractor hired by the Plaintiff to repair the Plaintiff's property.

Plaintiff filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana on August 28, 2007, seeking damages against State Farm for allegedly failing to pay insurance proceeds due under the policy and seeking a declaratory judgment against Clear Skies regarding its fees and/or estimates. State Farm removed the matter to this Court on November 15, 2007 arguing that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441. Specifically, State Farm argues that the Plaintiff does not assert a claim against Clear Skies and that the Plaintiff and Clear Skies have an identical interest in validating the fees and estimates

provided by Clear Skies. Since no relief is being sought, State Farm argues that Clear Skies is a nominal party and its citizenship may be disregarded for diversity purposes. On November 15, 2007, the Plaintiff filed the instant motion to remand.

## II.     LAW & ANALYSIS

### 1.     Fraudulent Joinder

State Farm, in their Notice of Removal, argued that removal was proper in this case because the Plaintiff failed to assert a claim against Clear Skies. *See*, Rec. Doc. No. 1. In her motion to remand, the Plaintiff did not raise any arguments regarding the alleged improper joinder of Clear Skies; rather, she based her motion on the fact that the amount in controversy requirement is not met in this case. *See*, Rec. Doc. No. 4. Indeed, nowhere in her motion does the Plaintiff reference Clear Skies other than in the caption. *See id.* However, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Accordingly, the Court will address whether Clear Skies has been improperly joined.

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was proper. *Jeringan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Typically, the removal statute is to be construed narrowly and in favor of remand to state

court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  In order to demonstrate that resident defendants were improperly joined, the removing defendant must show that "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Gasch v. Hartford Accident & Ind. Co.*, – F.3d –, No. 06-20498, 2007 WL 1847141, *2 (5th Cir. June 28, 2007).  "The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant."  *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423, *4 (E.D. La. July 21, 2006).

"Claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible.  Although the district court may 'pierce the pleadings' to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact."  *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).  "Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  As a result, all disputed questions of fact and ambiguities of state law must be resolved in favor of the non-moving party.  *Gasch*, 2007 WL 1847141 at *2.

Here, the Plaintiff has filed a declaratory judgment action against Clear Skies, her in-state contractor (who has yet to be served), seeking a declaration that the contractor's fees and/or estimates are reasonable.  State Farm, through the affidavit of Josh Jordan, a Claim Representative in the Special Handling Unit, sets forth several facts that call into question whether the Plaintiff has a valid claim against Clear Skies.  First, State Farm previously received a claim with a roof repair/replacement estimate for the property at 2514 New Orleans Street.  Second, State Farm received another roofing repair/replacement estimate from a contractor other

than Clear Skies that was performed for the Plaintiff for the property at 2514 New Orleans Street. Both of these claims were apparently settled through mediation with the Plaintiff, who had power of attorney for her parents. Finally, the Plaintiff held a renter's insurance policy for the property located at 2514 New Orleans Street which covered contents, building additions and alterations and additional living expenses, and such a policy would typically not cover repairs to, or the replacement of, the roof. *See*, Ex. A to Def. Opp., Rec. Doc. No. 9. The Plaintiff has failed to refute these allegations.

In addition, despite the fact that this suit was filed in August of 2007, the Plaintiff has yet to serve Clear Skies with the Complaint. It appears to the Court that the Plaintiff cannot establish a claim against Clear Skies, and the Court will disregard its citizenship.[1]

### 2. Amount in Controversy

The Plaintiff argues that State Farm "has merely alleged in a conclusional manner that the amount in controversy exceed[s] the jurisdictional amount," and that State Farm has not provided documentation to support the fact that the jurisdictional amount is met.

Under Louisiana law, plaintiffs may not claim a specific dollar amount of damages in their complaint. *Felton v. Greyhound Lines, Inc.,* 324 F.3d 771, 773 (5th Cir. 2003). Therefore, in this Circuit, a defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient to meet the statutory requirements. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993). The defendant may satisfy its burden by either (1)

---

[1] Pursuant to Federal Rule of Civil Procedure 4(m) a defendant must be served within 120 days after the complaint is filed. If not, the Court "on motion or on its own after notice to the plaintiff [ ] *must* dismiss the action without prejudice against that defendant or order that service be made within a specific time." The instant complaint was filed on August 28, 2007, it is now February 14, 2008, well in excess of the 120 day requirement. Plaintiffs prolonged failure to serve Clear Skies further suggests that Clear Skies was added to this litigation simply to attempt to defeat diversity jurisdiction.

"demonstrating that it is 'facially apparent' that the claims are likely to be above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.* 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

Plaintiff's policy has a coverage limit of $39,140 for contents, and State Farm has made no payments for this coverage. Additionally, the policy covers alternative living expenses which covers actual expenses incurred, of which State Farm has already paid $2,500. Using only these amounts it appears that the jurisdictional amount is not met. However, Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim, and Plaintiff has requested such damages. This Court must consider these fees and penalties when it assesses the amount in controversy. *Nguyen v. Allstate Ins. Co.,* 2007 WL 274799, *2 (E.D. La. Jan. 29, 2007) (citing *Poynot v. Hicks,* 2002 WL 31040174, *3 (E.D. La. Sept. 12, 2002)). Under La. Rev. Stat.§ 22.658, an insurer is liable for an additional penalty of 25% or 50% of the damages if it arbitrarily, capriciously or without probable cause failed to pay plaintiff's claim. Additionally, under La. Rev. Stat. § 22:1220, an insurer is liable for twice the damages sustained if the insurer refused to settle the claim in bad faith. Considering the amounts for which State Farm could be liable under these statutes, it is facially apparent that the amount in controversy is more than $75,000.

When a defendant has met the burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *De Aguilar*, 47 F.3d at 1411-12. Under *De Aguilar,* a plaintiff who wants to prevent removal must file, along with the complaint, a binding stipulation that the claim is for less than $75,000. 47 F.3d at 1412. Because Louisiana plaintiffs are not limited to

recovery of damages requested in their pleadings, such plaintiffs must also affirmatively renounce their right to accept a judgment in excess of $75,000 in order to defeat removal. *Davis v. State Farm Fire & Cas.,* 2006 WL 1581272 at *2 (E.D. La. June 7, 2006). In the present case, the Plaintiff has made no such stipulation. Therefore, the Court finds that State Farm has demonstrated that the amount-in-controversy exceeds $75,000.

### III.     CONCLUSION

Accordingly, Plaintiff Marlene Feltus-Jackson's Motion to Remand is DENIED.

New Orleans, Louisiana this 14th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE